■　　THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MARIO SOSNICKI and ROBERT P. BELL, Appellants.—Two judgments of the County Court, Nassau County, one rendered as to defendant Bell on October 15, 1965 and the other rendered as to defendant Sosnicki on November 5, 1965, respectively convicting them of murder in the first degree, upon a jury verdict, and imposing sentence, reversed, on the law, and a separate new trial as to each defendant ordered. The findings of fact below have not been considered. Reversible error was committed when an alternate juror was substituted for a regular juror who had become ill about eight hours after the jury had begun deliberating on the charge against defendants. This procedure violated defendants' constitutional rights to a trial by jury (*People* v. *Ryan,* 19 N Y 2d 100). We further are of the opinion that the motion by Sosnicki for severance, on the ground that Bell's confession so implicated Sosnicki that a joint trial would be prejudicial, should not have been denied. Bell's confession was in such form that redaction or deletion of passages referring to Sosnicki could not be eliminated by the Trial Judge. The evidence against Sosnicki was significantly weak and Bell's statement must have been considered by the jury when they found Sosnicki guilty (*People* v. *Pollock,* 21 N Y 2d 206; *People* v. *Burrelle,* 21 N Y 2d 265; *People* v. *LaBelle,* 18 N Y 2d 405; see, also, *People* v. *Oddo,* 28 A D 2d 817; *People* v. *Cole,* 27 A D 2d 794). Beldock, P. J., Brennan and Martuscello, JJ., concur; Rabin, J., concurs, with the following memorandum, in which Hopkins, J., concurs. I agree that error was committed when the trial court replaced a regular

juror with an alternate juror after the jury had begun deliberating and that error was committed when the court refused to grant Sosnicki a separate trial. However, I am also of the opinion that the four-fold warning established for custodial interrogation in *Miranda* v. *Arizona* (384 U. S. 436), which was inapplicable here to the first trial, would exclude Bell's confessions on the retrial, since he was in custody when he confessed and he had not been given all the *Miranda* warnings before being interrogated (see *People* v. *Sayers*, 28 A D 2d 227; *People* v. *Doherty*, 59 Cal. Rptr. 857).